# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, Florida 32202<br><br>      Plaintiff,<br><br>  v.<br><br>INDIANAPOLIS PUBLIC TRANSPORTATION CORPORATION<br>1501 W. Washington St.<br>Indianapolis, Indiana 46222<br><br>      Defendant. | **CASE NO**: 1:22-cv-1104 |

## COMPLAINT

Plaintiff, CSX Transportation, Inc., by and through its attorneys, files this Complaint against defendant, Indianapolis Public Transportation Corporation, and in support thereof, avers as follows:

## PARTIES

1. CSX Transportation, Inc. ("CSX") is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

2. Indianapolis Public Transportation Corporation ("IndyGo") is a municipal corporation established pursuant to Indiana Code § 36-9-4-1 *et seq.* and Section 116-401 *et seq.* of the Revised Code of the Consolidated City of Indianapolis and Marion County.

## JURISDICTION

3. This case comes within this Court's jurisdiction pursuant to 28 U.S.C § 1332 as the plaintiff and defendant are citizens of different states and the amount at issue exceeds jurisdictional requirements.

## VENUE

4. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## PREDICATE FACTS

5. CSX owns and maintains active railroad tracks and bridge structures throughout the United States, including in Indianapolis, Indiana.

6. There is a CSX railroad bridge structure located over East Pleasant Run Parkway South Drive near Beecher Street (the "Bridge").

### First Incident

7. On or about May 30, 2020, a bus (the "First Bus") operated by, at the direction of, and/or on behalf of IndyGo struck and damaged the Bridge while traveling on East Pleasant Run Parkway South Drive in Indianapolis, Indiana (the "First Incident").

8. Upon information and belief, the driver of the First Bus was the employee, workman, servant, agent and/or ostensible agent of IndyGo at all relevant times.

9. Upon information and belief, the driver of First Bus was acting within the course and scope of his/her employment and/or agency and was operating the First Bus under the direction and control of IndyGo.

10. Upon information and belief, IndyGo was the employer, principal, and/or

statutory employer of the driver of the First Bus at all relevant times.

11. Upon information and belief, the driver of the First Bus was operating a bus owned and/or controlled by IndyGo, and was acting under the control, direction, and/or supervision of IndyGo at all relevant times.

12. As a direct and proximate result of the First Incident, CSX incurred significant damage to its Bridge.

13. Neither IndyGo nor the driver of the First Bus provided CSX with notice of the First Incident.

## Second Incident

14. On or about September 12, 2020, a bus (the "Second Bus") operated by, at the direction of, and/or on behalf of IndyGo struck and damaged the Bridge while traveling on East Pleasant Run Parkway South Drive in Indianapolis, Indiana (the "Second Incident").

15. Upon information and belief, the driver of the Second Bus was the employee, workman, servant, agent and/or ostensible agent of IndyGo at all relevant times.

16. Upon information and belief, the driver of Second Bus was acting within the course and scope of his/her employment and/or agency and was operating the Second Bus under the direction and control of IndyGo.

17. Upon information and belief, IndyGo was the employer, principal, and/or statutory employer of the driver of the Second Bus at all relevant times.

18. Upon information and belief, the driver of the Second Bus was operating a bus owned and/or controlled by IndyGo, and was acting under the control, direction, and/or supervision of IndyGo at all relevant times.

3

19. As a direct and proximate result of the Second Incident, CSX incurred significant damage to its Bridge.

20. Neither IndyGo nor the driver of the Second Bus provided CSX with notice of the Second Incident.

21. CSX did not learn about the First Incident until after it learned of the Second Incident.

22. After learning about the Second Incident, CSX completed the inspections, engineering designs, and repairs needed to correct the damage caused by IndyGo striking the Bridge with two of its buses.

23. CSX submitted an invoice for the costs for initial inspection of the damages and preliminary engineering costs to IndyGo which was paid by IndyGo.

24. CSX subsequently submitted a claim for additional costs of engineering designs and for necessary repairs to the Bridge.

25. CSX has complied and/or substantially complied with any preconditions for filing suit.

26. Further, as a direct and proximate result of IndyGo striking the Bridge on at least two occasions between May 30, 2020 and September 12, 2020 (the First Incident and Second Incident (collectively, the "Bridge Strikes")), CSX incurred significant costs associated with labor and materials required to repair the damage to the Bridge in an amount in excess of $75,000.00.

## CAUSES OF ACTION

### Count I – Negligence
### (Vicarious Liability/Respondeat Superior and Negligence Per Se)

27. CSX incorporates the above paragraphs as if set forth fully herein.

28. Upon information and belief, the buses involved in the Bridge Strikes were owned and/or operated by IndyGo.

29. Upon information and belief, the drivers of the buses involved in the Bridge Strikes (the "Drivers") were, at the relevant times, agents, ostensible agents, workmen, servants, and/or employees of IndyGo.

30. At the respective times of the Bridge Strikes, the Drivers were operating the bus in the course and scope of his/her agency and employment with IndyGo.

31. CSX was the owner of the Bridge at the times of the Bridge Strikes.

32. IndyGo, and the individuals it allows to operate its buses, owes a duty to neighboring property owners like CSX to take reasonable care and precaution in operating its buses and to avoid damaging their property.

33. CSX, as the owner of the Bridge, was a foreseeable plaintiff at the time of respective Bridge Strikes.

34. IndyGo and its Drivers breached the duty owed to CSX through negligent acts and/or omissions, including, but not limited to, the following:

    i. Failing to operate the bus with reasonable care;

    ii. Failing to make necessary and reasonable observations while operating a bus;

    iii. Failing to make necessary and reasonable observations while transporting passengers;

    iv. Failing to safely maintain control of the bus;

    v. Failing to take proper evasive action to avoid the resulting Bridge Strikes;

     vi.    Operating the bus in a generally careless and reckless manner without due regard for the safety and/or property of others;

     vii.    Improper or negligent driving;

     viii.    Being negligent per se by reason of having violated multiple laws governing the operation of motor vehicles that were meant to protect CSX and other motorists from the type of incident that occurred, including but not limited to, the following:

        a.    Ind. Code Ann. § 9-26-1-1.1. Duties of persons involved in an accident.

     ix.    All other acts or omissions which will be shown prior to the trial of this matter.

35. At all relevant times, IndyGo owed a duty of care to CSX and to others to ensure that the bus was operated in a safe and reasonable manner, and IndyGo breached that duty as set forth above.

36. At all relevant times, IndyGo owed a duty to ensure that the Drivers were properly trained and supervised so as to avoid striking bridges.

37. As evidenced by the fact that IndyGo's buses repeatedly struck the Bridge, IndyGo failed to properly train and supervise the Drivers.

38. As a direct and proximate result of IndyGo's breach of this duty, and/or the breaches of the Drivers for whom IndyGo is responsible for, CSX's Bridge sustained damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc. demands that judgment be entered in its favor and against Defendant, Indianapolis Public Transportation Corporation,

in an amount in excess of $75,000.00, together with pre-judgment interest, post-judgment interest, and any fees, costs, and other relief this Court deems appropriate.

## **Count II – Trespass**

39. CSX incorporates the paragraphs 1 through 26 above as if set forth fully herein.

40. CSX was the owner of the Bridge at the time of the respective Bridge Strikes.

41. Neither IndyGo nor the Drivers employed by IndyGo were granted access to enter upon the Bridge or CSX's right-of-way in which the Bridge was constructed in the way the buses involved in the Bridge Strikes entered onto CSX's property.

42. Any right that IndyGo and/or its Drivers had to operate a vehicle under the Bridge was conditioned upon not striking, touching, or otherwise damaging CSX's property.

43. By striking the Bridge with the buses involved in the Bridge Strikes, IndyGo and/or the Drivers for whom IndyGo was responsible, IndyGo and its Drivers exceeded any right they had to enter onto CSX's property.

44. As a direct and proximate result of entering upon CSX's property without the legal right to do so, IndyGo and/or its Drivers caused damage to CSX's property in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc. demands that judgment be entered in its favor and against Defendant, Indianapolis Public Transportation Corporation, in an amount in excess of $75,000.00, together with pre-judgment interest, post-judgment interest, and any fees, costs, and other relief this Court deems appropriate.

        Respectfully submitted,

        **COHEN & PALOMBO P.C.**

By:   /s/ Jeffrey D. Cohen
       Jeffrey D. Cohen
       Matthew J. Tinnelly
       125 Coulter Ave., Suite 1000
       Ardmore, PA 19003
       Phone: (215) 609-1110
       Facsimile: (215) 609-1117
       Email: Jcohen@freightlaw.net
       Email: Mtinnelly@freightlaw.net

Date: May 27, 2022         *Attorneys for Plaintiff,*
                                       *CSX Transportation, Inc.*